## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT HARRELL,

               Petitioner,                   Case Number: 03-CV-73391

v.                                      HONORABLE ARTHUR J. TARNOW

MARY BERGHUIS,

               Respondent.

_____/

## ORDER DENYING PETITIONER'S REQUEST FOR RECONSIDERATION

Petitioner Robert Harrell filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder and possession of a firearm during the commission of a felony. Respondent filed a motion for summary judgment and dismissal of the petition on the ground that it was untimely. The Court granted Respondent's motion and dismissed the petition. Now before the Court is Petitioner's request for reconsideration of the Court's Opinion and Order Granting Respondent's Motion for Summary Judgment and Dismissing Petition for Writ of Habeas Corpus.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004) (Gadola, J.).

The Court dismissed the petition because it was not filed within the one-year limitations

1

Harrell v. Berghuis, No. 03-CV-73391

period applicable to habeas corpus petitions.  28 U.S.C. § 2244(d).  Petitioner's conviction

became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death

Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, which imposed a one-year limitations

period on habeas petitions.  Thus, to be timely, Petitioner was required to file a habeas corpus

petition by April 24, 1997, or file a motion for collateral review in state court to toll the one-year

limitations period.  *See* Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999).  Petitioner,

however, did not file a motion for relief from judgment in the trial court until April 19, 2001,

almost four years after the limitations period expired.

Petitioner argued that he did not discover the factual predicate for his claim until the

attorney retained to file a motion for relief from judgment on his behalf obtained an affidavit

from his appellate attorney Craig Daly, dated March 13, 2001, in which, according to Petitioner,

Mr. Daly admitted his ineffectiveness.  The Court found that, contrary to Petitioner's assertion,

Mr. Daley did not admit any ineffectiveness in his affidavit, nor did he admit any facts which

could be considered new evidence to support an ineffective assistance of counsel claim.  Thus,

the Court rejected Petitioner's claim that he did not discover the factual predicate for his claims

until March 13, 2001.

In his request for reconsideration, Petitioner argues that, if given the opportunity, he

could obtain a more detailed affidavit from Mr. Daly, which, Petitioner claims, would prove his

ineffective assistance of counsel claim.  The Court finds that Petitioner's unsupported claim that

he will be able to obtain an affidavit from Mr. Daly in which Mr. Daly will admit he rendered

ineffective assistance, without more, is insufficient to establish that the Court's decision that the

Harrell v. Berghuis, No. 03-CV-73391

petition was untimely was based upon a palpable defect.

In its Order dismissing the petition, the Court also held that Petitioner was not entitled to equitable tolling of the limitations period because, *inter alia*, he failed to exercise diligence in pursuing habeas relief when he waited six months after the Michigan Supreme Court denied his application for leave to appeal the denial of his motion for relief from judgment to file his habeas petition.  In his request for reconsideration, Petitioner argues that he delayed filing his habeas petition because he initially believed that the attorney who filed his motion for relief from judgment was going to file a habeas petition on his behalf.  Petitioner argues that when he learned this was not the case he had to become familiar with the laws governing habeas corpus prior to filing his petition.  While the Court is sympathetic to the difficulties a layperson may have in preparing and filing court documents, Petitioner's argument is insufficient to convince the Court that reconsideration is warranted.  Petitioner delayed four years after the expiration of the one-year limitations period before seeking collateral review in state court.  That delay evidences a lack of diligence precluding equitable tolling of the limitations period.

Accordingly, the Court **DENIES** Petitioner's Request for Reconsideration [Dkt. # 20].


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  January 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2006, by electronic and/or ordinary mail.


s/Catherine A. Pickles
Judicial Secretary

3